UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MARY R. REYNOLDS,  Plaintiff, | CIVIL COMPLAINT |
| v. | CASE NO.  5:18-cv-00770 |
| CAPITAL ONE FINANCIAL CORPORATION,  Defendant. | DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes MARY R. REYNOLDS ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of CAPITAL ONE FINANCIAL CORPORATION ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.* and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Western District of Texas and a substantial portion of the events or omissions giving rise to the claims occurred within the Western District of Texas.

## PARTIES

4. Plaintiff is a consumer over 18 years-of-age residing in San Antonio, Texas, which lies within the Western District of Texas.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant is engaged in the business of offering credit services and collecting or attempting to collect, directly or indirectly, debts owed or due using the mail and telephone from consumers across the country, including consumers located in the state of Texas. Defendant is registered at 100 Shockoe Slip, 2nd Floor, Richmond, Virginia.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. Plaintiff and her husband both obtained a line of credit through Defendant, for which Plaintiff's husband subsequently defaulted on ("subject debt").

10. In early 2018, Plaintiff began receiving phone calls from Defendant to her cellular phone, (210) XXX-3654.

11. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -3654. Plaintiff is and always has been financially responsible for the cellular phone and its services.

12. Defendant places calls to Plaintiff's cellular phone mainly using the phone number (800) 955-6600, but upon belief, Defendant has used other phone numbers as well.

13. Upon information and belief, the aforementioned phone number ending in -6600 is regularly utilized by Defendant during its debt collection activity.

14. Upon answering calls from Defendant, Plaintiff experiences a noticeable pause, lasting several seconds in length, before she is connected with a live representative.

15. Plaintiff was confused as to why Defendant was contacting her, as she had already set up automatic monthly payments with Defendant.

16. Defendant's representatives have informed Plaintiff that Defendant was actually seeking to collect upon the subject debt, which was incurred by Plaintiff's husband.

17. In response, on or about June 21, 2018, Plaintiff informed Defendant's representatives to stop calling her.

18. Defendant's representatives have notified Plaintiff that Defendant's system could only stop the calls for two weeks.

19. Plaintiff reiterated her requests that Defendant cease contacting her.

20. Despite clear notice from Plaintiff that its calls were unwanted, Defendant has continued to call Plaintiff's cellular phone with attempts to collect upon the subject debt up until the filing of the instant action.

21. Defendant has also placed multiple calls to Plaintiff's cellular phone during the same day, even after Plaintiff notified Defendant to cease its contacts.

22. For instance, on July 7, 2018, July 9, 2018 and July 14, 2018, Defendant placed not less than 3 phone calls to Plaintiff's cellular phone, despite Plaintiff's requests that it stop calling.

23. In sum, Defendant has called Plaintiff not less than 25 times since Plaintiff demanded that it stop.

24. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

25. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

26. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

27. Plaintiff repeats and realleges paragraphs 1 through 26 as though fully set forth herein.

28. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

29. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The noticeable pause, lasting several seconds in length, that Plaintiff experienced during answered calls from Defendant before being connected to a live representative is instructive that an ATDS was being utilized to generate the phone calls. Additionally, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

30. Defendant violated the TCPA by placing at least 25 phone calls to Plaintiff's cellular phone using an ATDS without her consent. Defendant was contacting Plaintiff to collect upon the subject debt, which was owed by Plaintiff's husband. Any consent Plaintiff *may* have given to Defendant was specifically revoked by Plaintiff's demands that it cease contacting her.

31. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

32. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C). Plaintiff explicitly informed Defendant that she did not wish to be contacted, and Defendant's representatives notified Plaintiff that Defendant would only hold off for two weeks. As such, Defendant was aware that Plaintiff made this request, but yet, it consciously continued placing calls to Plaintiff's cellular phone knowing that Plaintiff had revoked her consent to be contacted.

WHEREFORE, Plaintiff, MARY R. REYNOLDS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

33. Plaintiff restates and realleges paragraphs 1 through 32 as though fully set forth herein.

34. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

35. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6).

36. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

      a.  **Violations of TDCA § 392.302**

37. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

38. Defendant violated the TDCA when it continued to call Plaintiff's cellular phone at least 25 times after she notified it to stop calling. The repeated contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately make a payment. The nature and volume of phone calls would naturally cause an individual to feel oppressed, especially when such calls are placed after an individual has made it clear that the calls are inconvenient.

39. Upon being told to stop calling, Defendant had ample reasons to be aware that it should not continue its harassing campaign of collection calls to Plaintiff. Yet, Defendant consciously chose to continue placing calls to Plaintiff's cellular phone, including multiple calls during the same day.

      b.  **Violations of TDCA § 392.304**

40. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19), prohibits debt collectors from "using any . . . false representation or deceptive means to collect a debt or obtain information concerning a consumer."

41. Defendant violated § 392.304(19) through its deceptive means in collecting upon Plaintiff. In spite of the fact that Plaintiff demanded that Defendant stop contacting her, Defendant continued to ceaselessly contact Plaintiff via automated calls. Through its conduct, Defendant falsely represented to Plaintiff that it had the legal ability to contact her when it no longer had consent to do so.

42. Moreover, upon demanding that Defendant stop calling her, Defendant's representatives notified Plaintiff that Defendant could only stop the phone calls for two weeks. Pursuant to the TCPA, Defendant was obligated to stop its contacts upon Plaintiff's demands. By notifying Plaintiff that it could not stop its contacts, Defendant falsely represented that even after Plaintiff revoked her consent to be contacted, Defendant still had the ability to contact her after two weeks.

WHEREFORE, Plaintiff, MARY R. REYNOLDS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: July 26, 2018                                        Respectfully submitted,

| s/ Nathan C. Volheim (Lead Attorney) | s/Taxiarchis Hatzidimitriadis |
|---|---|
| Nathan C. Volheim, Esq. #6302103 | Taxiarchis Hatzidimitriadis, Esq. #6319225 |
| Counsel for Plaintiff | Counsel for Plaintiff |
| Admitted in the Western District of Texas | Admitted in the Western District of Texas |
| Sulaiman Law Group, Ltd. | Sulaiman Law Group, Ltd. |
| 2500 South Highland Ave, Suite 200 | 2500 South Highland Ave, Suite |
| Lombard, Illinois 60148 | Lombard, Illinois 60148 |
| (630) 568-3056 (phone) | (630) 581-5858 (phone) |
| (630) 575-8188 (fax) | (630) 575-8188 (fax) |
| nvolheim@sulaimanlaw.com | thatz@sulaimanlaw.com |