UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

MARY R. REYNOLDS,

     Plaintiff,

v.                                         Case No. 5:18-CV-00770

CAPITAL ONE FINANCIAL
CORPORATION,

     Defendant.

_____/

## CAPITAL ONE BANK (USA), N.A.'s ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Capital One Bank (USA), N.A., incorrectly named in the Complaint as Capital One Financial Corporation ("Capital One"), now answers Plaintiff's Complaint against it, as follows:

Except as expressly admitted or qualified hereafter, Capital One denies each and every allegation of the Complaint.

## NATURE OF THE ACTION

1.     Capital One admits that Plaintiff alleges claims based on the Telephone Consumer Protection Act ("TCPA") and the Texas Debt Collection Act ("TDCA"). Capital One denies it violated the TCPA and TDCA and denies any remaining allegations set forth in paragraph 1 of the Complaint.

## JURISDICTION AND VENUE

2.     Capital One admits that it does not dispute that jurisdiction in this Court is proper, except that Capital One denies that Plaintiff has Article III standing under the United States

Constitution. Capital One denies any remaining allegations set forth in paragraph 2 of the Complaint.

3.      Capital One admits that venue in this Court is proper and it does business in this district. Capital One denies any remaining allegations set forth in paragraph 3 of the Complaint.

## PARTIES

4.      Capital One lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint and therefore denies them.

5.      The allegations set forth in paragraph 5 of the Complaint constitute a legal conclusion to which no response is required. To the extent that a response is required, Capital One denies the allegations in paragraph 5 of the Complaint.

6.      Capital One admits that it engages in personal and commercial banking services. Capital One does not dispute service of the Complaint. Capital One denies the remaining allegations set forth in paragraph 6 of the Complaint.

7.      The allegations set forth in paragraph 7 of the Complaint constitute a legal conclusion to which no response is required. To the extent that a response is required, Capital One denies the allegations set forth in paragraph 7 of the Complaint.

8.      Capital One denies the allegations set forth in paragraph 8 of the Complaint.

## FACTS SUPPORTING CAUSES OF ACTION

9.      Capital One admits that both Plaintiff and her husband have Capital One accounts and Plaintiff's husband's account became past due. Capital One denies any remaining allegations set forth in paragraph 9 of the Complaint.

10.     Capital One admits that it called the telephone number alleged, (210) XXX-3654, in 2018. Capital One lacks sufficient knowledge or information to form a belief as to the truth of the allegation that the telephone number is a cellular telephone number owned or regularly used

by Plaintiff and therefore denies the allegation. Capital One denies any remaining allegations set forth in paragraph 10 of the Complaint.

11.     Capital One lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint and therefore denies them.

12.     Capital One admits that (800) 955-6600 is a number assigned to it. Capital One is unable to determine what numbers may have appeared on Plaintiff's caller identification and therefore denies the allegation. Capital One lacks sufficient knowledge or information to form a belief as to the truth of the allegation that the telephone number is a cellular telephone number owned or regularly used by Plaintiff and therefore denies the allegation. Capital One denies any remaining allegations set forth in paragraph 12 of the Complaint.

13.     Capital One admits that (800) 955-6000 is a number assigned to it. The remaining allegations in Paragraph 13 of the Complaint call for a legal conclusion to which no response is required. To the extent that a response is required, Capital One denies the allegations.

14.     Capital One lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint and therefore denies them.

15.     Capital One lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint and therefore denies them.

16.     Capital One continues to research the truth of the allegations in paragraph 16 of the Complaint and therefore currently denies the allegations.

17.     Capital One continues to research the truth of the allegations in paragraph 17 of the Complaint and therefore currently denies the allegations.

18.     Capital One continues to research the truth of the allegations in paragraph 18 of the Complaint and therefore currently denies the allegations.

19.     Capital One continues to research the truth of the allegations in paragraph 19 of the Complaint and therefore currently denies the allegations.

20.     Capital One admits that it has called the telephone number alleged, (210) XXX-3654, with attempts to make payment arrangements on a past-due Capital One credit card account. Capital One denies its calls violated the law. Capital One lacks sufficient knowledge or information to form a belief as to the truth of the allegation that the telephone number is a cellular telephone number owned or regularly used by Plaintiff and therefore denies the allegation. Capital One continues to research the truth of the remaining allegations in paragraph 20 of the Complaint and therefore currently denies the allegations.

21.     Capital One admits that it has called the telephone number alleged, (210) XXX-3654, more than once during the same day.  Capital One lacks sufficient knowledge or information to form a belief as to the truth of the allegation that the telephone number is a cellular telephone number owned or regularly used by Plaintiff and therefore denies the allegation. Capital One continues to research the truth of the remaining allegations in paragraph 21 of the Complaint and therefore currently denies the allegations.

22.     Capital One denies that it placed three or more calls per day to the telephone number alleged, (210) XXX-3654, on July 7, 2018, July 9, 2018 and July 14, 2018. Capital One further lacks sufficient knowledge or information to form a belief as to the truth of the allegation that the telephone number is a cellular telephone number owned or regularly used by Plaintiff and therefore denies the allegation and any remaining allegations in paragraph 22 of the Complaint.

23.     Capital One continues to research the truth of the allegations in paragraph 23 of the Complaint and therefore currently denies the allegations.

24.     Capital One lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 24 of the Complaint and therefore denies them.

25.     Capital One denies the allegation set forth in paragraph 25 of the Complaint.

26.     Capital One denies the allegations set forth in paragraph 26 of the Complaint.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

27.     Capital One incorporates by reference paragraphs 1 through 26 as though fully set forth herein.

28.     Capital One admits that paragraph 28 of the Complaint cites and quotes a portion of the TCPA. Capital One denies it violated the TCPA and denies it committed any wrongdoing.

29.     The allegations set forth in paragraph 29 of the Complaint constitute a legal conclusion to which no response is required. To the extent that a response is required, Capital One denies the allegations.

30.     Capital One denies the allegations set forth in paragraph 30 of the Complaint.

31.     Capital One admits that calls made to the telephone number alleged, (210) XXX-3654, were not made for emergency purposes, but Capital One denies that 47 U.S.C. § 227(b)(1)(A)(i) defines emergency purposes.

32.     Capital One continues to research the truth of the allegations in paragraph 32 of the Complaint that Plaintiff informed Capital One that she did not wish to be contacted and Capital One's representatives notified Plaintiff that Capital One would hold off for two weeks and therefore currently denies the allegations.  Capital One denies the remaining allegations set forth in paragraph 32 of the Complaint. Capital One further denies that Plaintiff is entitled to the relief requested in paragraph 32 of the Complaint. Capital One further denies that Plaintiff is entitled to the relief requested in the "WHEREFORE" paragraph, including each of its subparts, a. through e., immediately following paragraph 32 of the Complaint.

## COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

33.     Capital One incorporates by reference paragraphs 1 through 32 as though fully set forth herein.

34.     The allegations set forth in paragraph 34 of the Complaint constitute a legal conclusion to which no response is required. To the extent that a response is required, Capital One denies the allegations set forth in paragraph 34 of the Complaint.

35.     The allegations set forth in paragraph 35 of the Complaint constitute a legal conclusion to which no response is required. To the extent that a response is required, Capital One denies the allegations set forth in paragraph 35 of the Complaint.

36.     The allegations set forth in paragraph 36 of the Complaint constitute a legal conclusion to which no response is required. To the extent that a response is required, Capital One denies the allegations set forth in paragraph 36 of the Complaint.

     **a.**     **Violations of TDCA § 392.302**

37.     Capital One admits that paragraph 37 of the Complaint cites and quotes a portion of the TDCA. Capital One denies it violated the TDCA and denies it committed any wrongdoing.

38.     Capital One continues to research the truth of the allegations in paragraph 38 that Capital One continued to call Plaintiff's cellular phone at least 25 times after she notified Capital One to stop calling and therefore currently denies the allegations. Capital One further lacks sufficient knowledge or information to form a belief as to the truth of the allegation that the telephone number is a cellular telephone number owned or regularly used by Plaintiff and therefore denies the allegation. Capital One denies the remaining allegations set forth in paragraph 38 of the Complaint.

39.     Capital One denies the allegations set forth in paragraph 39 of the Complaint.

b. **Violations of TDCA § 392.304**

40.     Capital One admits that paragraph 40 of the Complaint cites and quotes a portion of the TDCA. Capital One denies it violated the TDCA and denies it committed any wrongdoing.

41.     Capital One continues to research the truth of the allegations in paragraph 41 of the Complaint that Plaintiff demanded that Capital One stop calling her and Capital One represented to Plaintiff that it had the legal ability to contact her and therefore currently denies the allegations.  Capital One denies the remaining allegations set forth in paragraph 41 of the Complaint.

42.     Capital One continues to research the truth of the allegations in paragraph 42 of the Complaint that Plaintiff demanded that Capital One stop calling her and Capital One represented that it had the ability to contract her after two weeks. Capital One lacks sufficient knowledge or information to form a belief as to the truth of the allegation that the telephone number is a cellular telephone number owned or regularly used by Plaintiff and therefore denies the allegation. Capital One denies the remaining allegations set forth in paragraph 42 of the Complaint.  Capital One further denies that Plaintiff is entitled to the relief requested in paragraph 42 of the Complaint. Capital One further denies that Plaintiff is entitled to the relief requested in the "WHEREFORE" paragraph, including each of its subparts, a. through f., immediately following paragraph 42 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense: Consent

1.     The TCPA does not prohibit calls made using an automatic telephone dialing system or using an artificial or pre-recorded voice where the called party has given consent.

2.     A creditor can establish consent by demonstrating that the called party provided the cellular telephone number directly to the creditor in connection with the particular debt.

3.      To the extent Capital One has received consent to place calls to Plaintiff through customer agreements, written or verbal statements, or otherwise, Plaintiff's claims are barred.

## Second Affirmative Defense: Constitutionality of Statutory Damages

4.      Capital One incorporates by reference the foregoing allegations in its Affirmative Defenses.

5.      The TCPA provides for statutory damages of $500 to $1,500 for each violation of the law.

6.      When directed at telephone calls, statutory damages under the TCPA could quickly rise to thousands of dollars of damages for alleged actions that caused little or no actual damage to Plaintiff.

7.      Statutory damages would constitute an excessive fine or penalty without the substantive or procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

## Third Affirmative Defense: Offset

8.      Capital One incorporates by reference the foregoing allegations of its Affirmative Defenses.

9.      Plaintiff may have accounts with Capital One upon which Plaintiff owes.

10.     Any amount sought to be recovered in this action is barred in whole or in part by the amount owing from Plaintiff to Capital One.

## Fourth Affirmative Defense: Lack of Standing

11.     Capital One incorporates by reference the foregoing allegations of its Affirmative Defenses.

12.     To establish standing, Plaintiff must show a concrete and particularized invasion

of a legally protected interest and that Plaintiff is in the zone of interests the TCPA is intended to protect.

13.     To the extent Plaintiff has not paid money, lost title to goods or value, suffered any other concrete or particularized harm, and is not in the zone of interests protected by the TCPA as the result of the conduct alleged, Plaintiff lacks standing.

## Fifth Affirmative Defense: Unintentional Violation

14.     Capital One incorporates by reference the foregoing allegations of its Affirmative defenses.

15.     Capital One has implemented procedures to prevent violations of law.

16.     If any violation of law occurred, which Capital One expressly denies, the violation was not intentional.

17.     If any violation of law occurred, it resulted from a *bona fide* error for which there can be no civil liability.

## Reservation of Rights

18.     Capital One incorporates by reference the foregoing allegations of its Affirmative Defenses.

19.     Capital One presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet, unstated affirmative defenses available. Capital One expressly reserves the right to allege and assert any additional and/or further defenses as may be appropriate as this action proceeds.

Wherefore, Capital One respectfully requests that the Court:

a.     Dismiss all of Plaintiff's claims against Capital One with prejudice and on the merits;

      b.      Award Capital One all costs, disbursements, and reasonable attorney fees allowed by law; and

      c.      Grant Capital One any such further relief to which it may be entitled.

September 21, 2018                Respectfully Submitted,

                        /s/ Adam C. Ragan
                        Adam C. Ragan
                        State Bar No. 24079172
                        Nicholas P. Edwards
                        State Bar No. 24091079

**HUNTON ANDREWS KURTH LLP**
1445 Ross Ave., Suite 3700
Dallas, Texas  75202
214-468-3577
214-979-3959 (fax)
aragan@huntonak.com

**ATTORNEY FOR DEFENDANT**
**CAPITAL ONE FINANCIAL CORPORATION**

10

## CERTIFICATE OF SERVICE

I certify that on September 21, 2018, a copy of the foregoing document was filed electronically with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

Nathan C. Volheim                         Taxiarchis Hatzidimitriadis
Sulaiman Law Group, Ltd.                  Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200       2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                   Lombard, Illinois 60148
(630) 568-3056 (phone)                    (630) 581-5858 (phone)
(630) 575-8188 (fax)                      (630) 575-8188 (fax)
Email: nvolheim@sulaimanlaw.com           Email: nvolheim@sulaimanlaw.com

*/s/ Adam C. Ragan*
Adam C. Ragan

11