UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

MARY R. REYNOLDS,

    Plaintiff,

v.                                          5:18-CV-00770-XR

CAPITAL ONE FINANCIAL
CORPORATION,

    Defendant.

**JOINT FED. R. CIV. P. 26 REPORT**

1. <u>Are there any outstanding jurisdictional issues? For removed cases based on diversity jurisdiction, do the parties agree that the amount in controversy exceeded $75,000 at the time of removal? If not, each party should state its position on the amount in controversy.</u>

None at this time.

2. <u>Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?</u>

There are no unserved parties.

3. <u>What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?</u>

**Elements of Claims**

The elements of Plaintiff's TCPA claim are: (1) Capital One made a call to a telephone number belonging to Plaintiff, (2) the call was not made for emergency purposes, (3) the call was not made with Plaintiff's prior express consent, (4) the call was made using an automatic telephone dialing system or an artificial or prerecorded voice, (5) the call was made to a telephone number assigned to a cellular telephone service, and (6) Plaintiff was the subscriber of the cellular telephone service.

1

The elements of Plaintiff's TDCA claim are: (1) Capital One is a debt collector, (2) Capital One committed a wrongful act against Plaintiff under the TDCA during "debt collection," and (3) Plaintiff was damaged as a result of the wrongful act(s).

**Plaintiff**

Plaintiff alleges Capital One violated the TCPA and TDCA when it harassingly called Plaintiff's cellular phone using an automated telephone dialing system without consent. Any consent that Plaintiff may have granted to Capital One was specifically revoked.

**Capital One**

Capital One denies it used an ATDS or prerecorded message to call to Plaintiff's cellular telephone without her consent in violation of the TCPA, that it caused Plaintiff's telephone to ring continuously and repeatedly with intent to harass her in violation of the TDCA, that it made any misrepresentation or used deceptive means in connection with any communications with Plaintiff in violation of the TDCA, or that Plaintiff suffered a concrete harm fairly traceable to Capital One's alleged use of an ATDS to call her.

4.  <u>Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?</u>

Capital One stipulates that it did not contact Plaintiff for emergency purposes. There are no further agreements or stipulations that can be made at this time.

5.  <u>State the parties' views and proposals on all items identified in Fed. R. Civ. P. 26(f)(3).</u>

(A): The parties agreed to complete their initial disclosures by November 9, 2018.

(B): The parties anticipate seeking discovery on the facts and surrounding circumstances related to Plaintiff's claims. Plaintiff intends to seek discovery regarding the communications between the parties, Capital One's telephone system(s) used to generate the calls at issues, and

Capital One's policies and procedures regarding the collection of delinquent accounts, Capital One intends to seek discovery regarding consent, misrepresentations allegedly made by Capital One, damages allegedly suffered by Plaintiff, and ownership of the alleged cellular telephone. The parties do not believe discovery should be conducted in phases or otherwise limited.

(C): Electronically storied information shall be produced in .PDF and .wav formats. There are no other issues about disclosure, discovery, or preservation of electronically stored information at this time.

(D): Consistent with Fed. R. Civ. P. 26(b)(5)(B), the inadvertent production of any documents during discovery in this action shall be without prejudice to any claim that such material is protected by any legally cognizable privilege or evidentiary protection including, but not limited to, the attorney-client privilege, protection as trial preparation material and the work product doctrine, and no party shall be held to have waived any rights by such inadvertent production.

Upon written notice of an unintentional production by the producing party or oral notice if notice must be delivered at a deposition, the receiving party must promptly return, sequester or destroy the specified documents and any hard copies the receiving party has and may not use or disclose the information until the privilege claim has been resolved.  To the extent that the information contained in a document subject to a claim of privilege has already been used in or described in other documents generated or maintained by the receiving party, then the receiving party will sequester such documents until the claim has been resolved.  If the receiving party disclosed the specified information before being notified of its inadvertent production, it must take reasonable steps to retrieve it.  The producing party shall preserve the specified information until the claim is resolved.

The receiving party shall have five (5) days from receipt of notification of the inadvertent production to determine in good faith whether to contest such claim and to notify the producing party in writing of an objection to the claim of privilege and the grounds for that objection. The producing party will then have five (5) days from the receipt of the objection notice to submit the specified information to the Court under seal for a determination of the claim and will provide the Court with the grounds for the asserted privilege for protection. Any party may request expedited treatment of any request for the Court's determination of the claim.

To the extent that the procedures set forth in this protocol are followed, it is the intent of the Parties that the inadvertent production of privileged or protected documents shall not operate as a waiver of any such privilege or protection pursuant to Fed. R. Evid. 502.

(E):  The parties do not propose any changes or additions to the limitations on discovery imposed by the federal rules or by local rule.

(F):  The parties anticipate submitting an agreed protective order governing the exchange of confidential information pursuant to Fed. R. Civ. P. 26(c).

6. <u>What, if any, discovery has been completed? What discovery remains to be done? Have the parties considered conducting discovery in phases?</u>

No discovery has been completed at this time. The parties anticipate serving interrogatories, requests for production, and requests for admission. Depending on the facts of the case, the parties may also conduct depositions of lay and expert witnesses. The parties do not believe discovery should be conducted in phases.

7. <u>What, if any, discovery disputes exist?</u>

There are no discovery disputes at this time.

8. <u>Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?</u>

The parties have agreed to the proposed procedure set forth herein. *Supra* ¶ 5(D). At this time, they did not anticipate a court order will be necessary.

9. <u>Have the parties discussed mediation?</u>

The parties have engaged in informal settlement negotiations and believe that mediation may be appropriate after the close of discovery.

Dated: October 29, 2018

| | |
|---|---|
| /s/ Nathan Volheim<br>Nathan C. Volheim, #6302103<br>Sulaiman Law Group, Ltd.<br>2500 South Highland Ave., Suite 200<br>Lombard, Illinois 60148<br>Phone: (630) 568-3056<br>Facsimile: (630) 575-8188<br>Email: nvolheim@sulaimanlaw.com<br>*Attorney for Plaintiff* | /s/ Adam C. Ragan<br>Adam C. Ragan<br>State Bar No. 24079172<br>HUNTON ANDREWS KURTH LLP<br>1445 Ross Ave., Suite 3700<br>Dallas, Texas  75202<br>214-468-3577<br>214-979-3959 (fax)<br>aragan@huntonak.com<br>*Attorney for Defendant* |

**CERTIFICATE OF SERVICE**

I certify that on October 29, 2018, a copy of the foregoing document was filed electronically with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

| | |
|---|---|
| Nathan C. Volheim<br>Sulaiman Law Group, Ltd.<br>2500 South Highland Ave., Suite 200<br>Lombard, Illinois 60148<br>(630) 568-3056 (phone)<br>(630) 575-8188 (fax)<br>Email: nvolheim@sulaimanlaw.com | Taxiarchis Hatzidimitriadis<br>Sulaiman Law Group, Ltd.<br>2500 South Highland Ave., Suite 200<br>Lombard, Illinois 60148<br>(630) 581-5858 (phone)<br>(630) 575-8188 (fax)<br>Email: nvolheim@sulaimanlaw.com |

/s/ Adam C. Ragan
Adam C. Ragan